IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ANGELA HANCE, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-05092-MDH |
| ) | |
| WOOD MOTOR COMPANY, INC., et. al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 11). The motion is fully briefed and ripe for review. Plaintiffs filed a petition in the Circuit Court of Jasper County, Missouri alleging Defendants discriminated against Plaintiffs in violation of the Missouri Human Rights Act ("MHRA"). Plaintiffs also allege Defendants retaliated against Plaintiffs in violation of the MHRA and for exercise of workers' compensation rights. Plaintiffs move to remand arguing that the presence of a workers' compensation claim prevents removal. After reviewing the record before the Court, and for the reasons set forth herein, the motion to remand is **GRANTED**.

## BACKGROUND

On June 25, 2023, Plaintiffs filed a Petition in the Circuit Court of Jasper County, Missouri. Plaintiffs' lawsuit arises out of alleged discrimination at their former place of employment, an automotive dealership in Carthage, MO. Plaintiffs pled five counts: Count I – Discrimination for Exercise of Workers' Compensation Rights (Ms. Hance against all Defendants); Count II – Violation of the MHRA – Age Discrimination (Against All Defendants); Count III – Violation of the MHRA – Sex Discrimination (All Plaintiffs against All Defendants); Count IV – Violation of

1

the MHRA – Associational Discrimination (All Plaintiffs against All Defendants); and Count V- Violation of the MHRA – Retaliation (All Plaintiffs against All Defendants).

On October 27, 2023, Defendants filed a Notice of Removal based on to 28 U.S.C. § 1332 stating the case meets the diversity of citizenship and amount in controversy requirements. (Doc. 1). Defendants further contend that plaintiff Hance's workers' compensation claim is "fraudulently asserted to prevent removal."

## STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Such courts can only hear cases that they are authorized to hear by the Constitution or a statute. *Id.* An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*, citing *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Further, "non-removable claims cannot be severed to save the district court's jurisdiction." *McCracken v. ABB Inc.*, No. 2:21-CV-04041-NKL, 2021 WL 5548140, at *2 (W.D. Mo. May 19, 2021); citing *Johnson v. Agco* Corp., 159 F.3d 1114, 1116 (8th Cir. 1998); and *Burris v. Zale Delaware*, 2009 WL 3762987, at *3 (W.D. Mo. Nov. 10, 2009).

An exception to the bar on removal applies if a plaintiff has fraudulently pled an otherwise non-removeable claim in order to avoid federal jurisdiction. *Id.*, citing *White v. Union Pac. R.R.*

2

*Co*., 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019). "A claim is fraudulently pleaded if it so baseless as to constitute a fraudulent attempt to thwart removal." *Id*. (internal citations omitted). Defendant bears the burden of proving fraudulent joinder and any situation of doubt shall be resolved in Plaintiff's favor. *Id.* (internal citations omitted) ("any doubt concerning whether the Court has jurisdiction must be resolved in favor of remand.")

**DISCUSSION**

Plaintiffs moves to remand arguing that plaintiff Hance has brought a workers' compensation claim and that removal of any such claim is prohibited pursuant to 28 U.S.C. §1445(c). To establish a claim under Section 287.780, Plaintiff Hance must show: (1) she was employed by the defendant before the injury; (2) she exercised a right under the Missouri Workers' Compensation statute; (3) the defendant discriminated against or discharged the plaintiff; and (4) the plaintiff's exercise of rights under the statute was a motivating factor in her termination. See Section 287.780; *Ashby v. Woodridge of Missouri, Inc*., 673 S.W.3d 537, 547 (Mo. Ct. App. 2023); and *Palermo v. Tension Envelope Corp.,* 959 S.W.2d 825, 828 (Mo. Ct. App. 1997).

Defendants argue Plaintiff Hance did not exercise a "right" under the Missouri Workers' Compensation statute and that she has not sufficiently plead facts, beyond conclusory allegations, showing that any alleged exercise of her rights under the statute were a motivating factor in the termination of her employment. Defendants further contend Plaintiff's workers' compensation claim was added to avoid removal, is not a proper claim, and the motion to remand should be denied. Defendants cite to "fraudulent joinder" of this claim for the basis of removal.

Plaintiff Hance argues she has two compensable injuries under the Missouri Workers' Compensation Law: (1) an illness contracted from Mr. Johnson (her supervisor); and (2) work-related stress. First, Plaintiff argues she has pled that she contracted an illness from Mr. Johnson

3

and that the illness manifested symptoms including fever, body aches, and lightheadedness. Plaintiff contends this illness qualifies as a compensable and reportable "occupational disease" under the Missouri Workers' Compensation Act. In addition, Plaintiff Hance argues she has pled she suffered work-related stress "caused by the needlessly aggressive transition strategy pursued by Wood after acquiring the Carthage dealerships." Plaintiff argues work-related stress is also a compensable and reportable injury under the Missouri Workers' Compensation Act. Plaintiff alleges Defendants were on notice of her "injuries."

Here, the Court does not need to determine whether Plaintiffs' alleged injuries amount to compensable and reportable workers' compensation injuries. While Plaintiff's claims may be difficult to ultimately prove, that is not the issue before the Court. Instead, the Court must review the Petition to see whether Plaintiff has alleged a claim under the Worker's Compensation laws, not whether she can prevail on any such claim.

Reviewing Plaintiffs' Complaint in a light most favorable to Plaintiff, the allegations include:

- she "exercised workers' compensation rights" when "[t]he employment conditions at Wood caused extraordinary and unusual stress, resulting in serious anxiety" and management "was aware of these conditions;"

- after a co-worker came in "visibly sick" she got "seriously ill" with "fever, body aches, and lightheadedness" and she "discussed this job-related sickness" with management;

- in a conversation about the "work-related stress" she said she wanted to take time off of work and then "took time off work to deal with the illness she contracted act work and her work-related stress."

Defendants state: "While the filing of a formal claim for worker's compensation benefits is not necessary to establish an exercise of rights under section 287.780, the fact that a work-injury occurred is not the exercise of a right under the worker's compensation law." Citing, *Hall v. Nutro Co.*, No. 17-00326-CV-W-ODS, 2018 WL 3190763, at *5 (W.D. Mo. June 28, 2018); citing *Demi*

4

*v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 216–17 (Mo. Ct. App. 2014); *St. Lawrence v. Trans World Airlines*, 8 S.W.3d 143, 150 (Mo. Ct. App. 1999); and *Welker v. Panera Bread Co.*, No. 10CV2192, 2011 WL 1327427, at *2 (E.D. Mo. Apr. 6, 2011) (dismissing the plaintiff's worker's compensation retaliation claim because the injury was not an exercise of a right). In addition, Defendants argue "reporting an injury-causing event is not exercising a right" under the worker's compensation statute. *Id.*, citing *Jones v. United Parcel Serv.*, Inc., No. 11–CV–6026, 2012 WL 4888464, at *7 (W.D. Mo. Oct. 15, 2012).

Here, the Court finds Plaintiff Hance's allegations are not entirely specific but she has pled enough to allege a workers' compensation claim. Taking Plaintiff's allegations as true, Plaintiff alleges she became ill and informed her employer she was ill. While this alone may not fall under the Workers' Compensation Act, as argued by the Defendants, taking Plaintiff's allegations as a whole from the entirety of the Complaint she alleges Defendants were on notice of a work related injury and that after she took leave for such injury she was terminated. Plaintiff also alleges she informed her employer of work related stress caused by her superiors. Again, this alone may not rise to the level of a workers' compensation injury but Plaintiff does allege enough to proceed. Plaintiff's claim does not rise to the level of constituting a fraudulent claim to avoid removal.

Here, the Court has reviewed decisions from other district courts finding remand was appropriate. See e.g., *McCracken v. ABB Inc.*, No. 2:21-CV-04041-NKL, 2021 WL 5548140 (W.D. Mo. May 19, 2021) (remanding case); *Dame v. Sw. Bell Tel. Co.*, No. 20-CV-00906-SRB, 2021 WL 67213 (W.D. Mo. Jan. 7, 2021) (remanding case); and *Tumlin-Piper v. United Healthcare Services, Inc.*, 4:21-CV-00477-SRC, 2021 WL 3268356, at *3 (E.D. Mo. July 30, 2021) (remanding case). Similar to those decisions, the Court finds Plaintiff has pled a claim that she exercised a right under the Workers' Compensation Act and that Defendants terminated her

5

for exercising that right.  The Court emphasizes that whether Plaintiff can ultimately prove any such claim is not the issue before the Court.  Instead, the Court finds Defendants have not established that Plaintiff fraudulently joined this claim to avoid removal.  Therefore, because Plaintiff has alleged a claim under the Workers' Compensation Act this case should be remanded.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Motion to Remand is **GRANTED**.  This action is remanded to the Circuit Court of Jasper County, Missouri for further proceedings.

**IT IS SO ORDERED.**

DATED:  February 20, 2024

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**